# 95 DTA 7

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE AGUADILLA

EL PUEBLO DE PUERTO RICO

Recurrido

v.

ALEJO MALDONADO MEDINA
Peticionario

Núm. KLCE-95-00014

San Juan, Puerto Rico, a 28 de febrero de 1995

Panel integrado por su presidente, Juez Señor Amadeo Murga,
y los Jueces Ramos Buonomo y Brau Ramírez

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

La presente petición de *certiorari* fue presentada el 13 de febrero de 1995. Se recurre de una resolución emitida el 19 de enero de 1995 y notificada el día siguiente por el Tribunal de Distrito, Sala de Aguadilla, denegando una moción de desestimación presentada por el peticionario Alejo Maldonado Medina, solicitando el archivo de la vista preliminar señalada en el caso criminal de epígrafe contra el peticionario.

Según el recurso, los hechos que dan base a los cargos contra el peticionario se remontan al 8 de diciembre de 1980. El caso contra el peticionario fue sometido el 7 de octubre de 1985. El auto de prisión contra el peticionario no fue emitido hasta el 9 de febrero de 1987. El peticionario, no obstante, no pudo ser procesado por hallarse encarcelado fuera del país en una prisión del Gobierno de los Estados Unidos cumpliendo una sentencia de un tribunal federal.

De los documentos sometidos junto con el recurso se desprende que desde mayo de 1987 los funcionarios del Departamento de Justicia de Puerto Rico vinieron haciendo gestiones para conseguir que el peticionario fuese transferido a esta jurisdicción para ser procesado por los cargos en cuestión. Estas gestiones fueron opuestas por el Alguacil General del Tribunal Federal de Distrito para el Distrito de Puerto Rico y por el propio peticionario, basado en que la vida del peticionario podía correr peligro de ser entregado a las autoridades locales. No fue sino hasta que el Departamento de Justicia de Puerto Rico notificó de un plan especial

diseñado para proteger la vida del peticionario que las autoridades federales consintieron a permitir que éste fuese transferido a Puerto Rico para ser juzgado.

El peticionario solicitó la desestimación del procedimiento, aduciendo que la tardanza le había colocado en un estado de indefensión. Mediante la resolución recurrida, sin embargo, el Tribunal de Distrito denegó la referida moción, concluyendo que hubo justa causa para la dilación de los procedimientos, ya que el imputado había estado cumpliendo una sentencia en una prisión federal, y que, en cualquier caso, el peticionario no había establecido que se le hubiera ocasionado un perjuicio real por la tardanza. Inconforme con esta determinación, el peticionario acudió a este Tribunal.

## II

La Ley de la Judicatura de Puerto Rico de 1994, en su artículo 4.002(c), confiere competencia a este Tribunal sobre el presente recurso. Toda vez que la resolución del Tribunal de Distrito fue emitida y notificada con antelación a la vigencia de la referida Ley de la Judicatura de Puerto Rico de 1994, la cual tuvo lugar el 24 de enero de 1995, el trámite del recurso se rige por *"la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada",* conforme la Regla 4(a) de las de Transición Sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones. Esto es, el recurso se rige por los artículos 670 a 672 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3491-93 y su jurisprudencia interpretativa. *Aderic Industrial, Inc. h/n/c/ La Tina Industrial Laundry v. Wilmer Tacoronte h/n/c/ Hotel Cupido,* KLCE-95-0003 (resolución del 17 de febrero de 1995. Son de aplicación, además, por analogía, las disposiciones del anterior Reglamento del Tribunal Supremo de Puerto Rico, relativas al recurso de *certiorari,* en cuanto al formato del recurso. véase Calderón y Rivé, *Manual de Procedimientos Apelativos,* Revista U.I.A., a la pág. 195; 4 L.P.R.A. Ap.I-A (1994).

Ahora bien, el recurso de la parte peticionaria no acompaña copia de la Moción de Desestimación presentada por el peticionario, o de la resolución recurrida. No se indica si el Ministerio Público presentó oposición a la misma ni se incluye copia de tal oposición. Tampoco se incluyen las órdenes de arresto relacionadas al caso. Este Tribunal desconoce, y en el recurso no se aclara, la naturaleza específica de los cargos levantados contra el compareciente. En estas circunstancias, no estamos en posición de evaluar el recurso. Cf., la Regla 21(g) del Reglamento del Tribunal Supremo. 4 L.P.R.A. Ap.I-A.

En sus méritos, más aún, no detectamos error alguno en la actuación del foro de instancia. Aún cuando el peticionario reclama una violación a su derecho al debido proceso de ley, el análisis incluido en el recurso se apoya más bien en la garantía más específica del derecho al juicio rápido, contenida en el Art. II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico. Véanse, *Pueblo v. Rivera Tirado,* 117 D.P.R, 419, 433 (1986); *Pueblo v. Rivera Arroyo,* 120 D.P.R. 114, 119 (1987).

El Tribunal Supremo de los Estados Unidos, interpretando la garantía equivalente contenida en la Enmienda Sexta de la Constitución federal, ha establecido que cuando un acusado se encuentra bajo la custodia de otro soberano o del poder federal, el gobierno estatal satisface la garantía al juicio rápido si lleva a cabo un esfuerzo diligente y de buena fe *("a diligent good-faith effort")* para obtener la custodia del acusado a fines de comenzar el proceso. Véase *Smith v. Hooey,* 393 U.S. 375, 579 (1969). De los documentos sometidos en apoyo al recurso, debemos concluir que el gobierno de Puerto Rico satisfizo este estándar en este caso. Por los fundamentos expresados, se deniega el recurso solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 7**

**1.** Aunque, previo a la Ley de la Judicatura de Puerto Rico de 1994, el recurso de *certiorari* ante el Tribunal Superior para revisar una providencia interlocutoria ante el Tribunal de Distrito no tenía término fijo, sino que se regía por consideraciones de incuria. cf. *Torres Arzola v. Policía de Puerto Rico,* 117 D.P.R. 204, 209 (1986), interpretamos que este tipo de caso está cubierto por la Regla 4(a) de las de Transición, toda vez que la parte peticionaria contaba con la opción de presentar un *certiorari* desde la fecha de notificación de la resolución recurrida. Véase, *Aderic Industrial, Inc. h/n/c/ La Tina Industrial Laundry v. Wilmer Tacoronte h/n/c/ Hotel Cupido,* KLCE-95-0003 (resolución del 17 de febrero de 1995.